UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANDREW C. WIESNER,<br><br>   Plaintiff,<br><br>v.<br><br>RICHARD V. SPENCER,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) **Civil No. 19-_____**<br>)<br>)<br>)<br>)<br>) |

COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Andrew C. Wiesner, by and through his counsel, and for his complaint against Defendant, Richard V. Spencer, states as follows:

PARTIES

1. Plaintiff, Andrew C. Wiesner, is a resident of Dover, County of Strafford, and State of New Hampshire.

2. Defendant, Richard V. Spencer, is the Secretary of the Navy, a department of the United States Government with offices in Kittery, County of York, and State of Maine.

JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this matter because Plaintiff is asserting a claim arising out of the laws of the United States.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b), in that the conduct of which Plaintiff complains took place within this District.

<u>CLAIM FOR RETALIATION</u>

5. The Department of the Navy ("Department") hired Plaintiff on or about October 22, 2001 to work at its facility known as the Portsmouth Naval Shipyard in Kittery, Maine ("Shipyard").

6. From the time he commenced his work at the Shipyard, Plaintiff had all the qualifications necessary to perform his duties for the Department, including an appropriate security clearance.

7. Plaintiff at all times performed his duties properly and satisfactorily.

8. Plaintiff suffered from disabilities during his employment, though such disabilities did not prevent him from performing the essential functions of his job with or without reasonable accommodations.

9. In the course of a dozen years of employment at the Shipyard, Plaintiff filed several complaints of discrimination and/or retaliation.

10. In 2013, officials at the Shipyard, seeking to end Plaintiff's employment, notified the Department of Defense Consolidated Adjudication Facility, Navy Division (DOD CAF) that Plaintiff was suspected of having used medical marijuana outside the Shipyard.

11. As a result of this charge, DOD CAF revoked Plaintiff's security clearance on or about June 7, 2013.

12. By letter dated October 31, 2013, the Department removed Plaintiff from service effective November 6, 2013, on the sole ground that security clearance had been revoked.

13. Thereafter, Plaintiff filed a further complaint of discrimination and retaliation against the Department in February 2015.

14. Certain of Plaintiff's complaints remain pending.

15. Plaintiff's security clearance was restored by the Department of Defense Office of Hearings and Appeals in 2017.

16. In early 2018, Aerotek, Inc., a subcontractor in a long-term construction project at the Shipyard, hired Plaintiff specifically to work on the project at the Shipyard.

17. On or about March 1, 2018, the Department notified Aerotek that Plaintiff was barred from the Shipyard, thus preventing his employment.

18. The reason the Department initially gave for the bar order was that Plaintiff lacked a security clearance.

19. The Department knew (or certainly had the information available to it) that Plaintiff in fact had a security clearance at the time in question.

20. When Plaintiff pointed out that he in fact had a security clearance, the Department stated, again falsely, that the decision not to allow him to work at the Shipyard was entirely Aerotek's.

21. In fact, Aerotek at all relevant times was ready and willing to employ Plaintiff at the Shipyard and was prevented from doing so only by the refusal of the Department.

22. The Department has continued to refuse to allow Plaintiff to work at the Shipyard despite proof of Plaintiff's security clearance.

23. The Department took adverse action against Plaintiff in retaliation for his prior EEO complaints.

24. Additionally, Plaintiff had applied for employment at the Shipyard directly to the Department in December of 2017.

25. Although he was fully qualified for the position, Plaintiff received a notice from the Department on or about February 28, 2017 that he was not selected.

26. The Department refused to employ Plaintiff in retaliation for his prior EEO complaints.

27. As a proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has suffered and will suffer lost wages, lost benefits, consequential damages, lost earning capacity, loss of enjoyment of life, injury to reputation, injury to career, severe emotional distress, and other pecuniary and non-pecuniary losses.

28. Plaintiff filed a timely individual complaint of retaliation pursuant to 29 CFR Part 1614 on May 18, 2018.

29. The said complaint has been pending at the agency level for more than 180 days and final action has not been taken.

WHEREFORE, Plaintiff, Andrew C. Wiesner, respectfully requests that the Court enter judgment in his favor against Defendant, declaring the conduct engaged in by Defendant to be in violation of Plaintiff's rights; ordering Defendant to rescind the bar order; awarding Plaintiff equitable relief for back pay, benefits, and prejudgment interest; awarding Plaintiff compensatory and punitive damages, together with prejudgment interest, costs, expert witness fees and attorneys' fees; and granting such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims triable to a jury.

/s/   Marshall J. Tinkle
Marshall J. Tinkle
Counsel for Plaintiff
Andrew C. Wiesner

THOMPSON, MACCOLL & BASS, LLC, P.A.
PO Box 447
Portland ME  04112
(207) 774-7600